UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOERESHAOLY MARIE EASLEY, § § *Plaintiff* § § v. § § ANDREW M. SAUL, COMMISSIONER § OF THE SOCIAL SECURITY § ADMINISTRATION, § § *Defendant* § | CIVIL NO. A-20-CV-623-LY-SH |

## ORDER DIRECTING FILING OF BRIEFS

Pursuant to 28 U.S.C. § 636(b), this action to review the final decision of the Commissioner of Social Security has been referred to this Magistrate Judge for review, report, and recommendation.

The defendant has filed its answer, together with a certified copy of the transcript of the administrative proceedings. Accordingly, it is **HEREBY ORDERED** that the parties, or counsel of record, submit briefs to the Court in accordance with the following requirements:

1. **On or before January 11, 2021**, plaintiff shall serve, file, and submit to the Magistrate Judge a brief setting forth all errors which the plaintiff contends entitle the plaintiff to relief. The brief shall contain under the appropriate headings and in the order here indicated:

    a. A statement of the case. This statement should indicate, briefly the course of the proceeding and its disposition at the administrative level, and should set forth a general statement of the facts. This statement of the facts shall include the plaintiff's age, education and work experience; a summary of the physical and mental impairments alleged; a brief outline of the medical evidence; and a brief summary of other evidence of record. Each statement of fact shall be supported by reference to the page in the record where the evidence may be found.

    b. A statement of the exact issues presented for review, set forth in separate numbered paragraphs.

    c. An argument. The argument may be preceded by a summary. The argument shall be divided into sections, each section separately treating each issue, numbered to correspond with the statement of issues. The argument must set forth the plaintiff's contentions with respect to the issues presented and reasons therefor. Each contention must be supported by specific reference to the portion of the record relied on and by citations to statutes, regulations, and cases which support the plaintiff's position. Cases from other districts and circuits should be cited only in conjunction with relevant cases from this jurisdiction, or if authority on point from this jurisdiction does not exist. If the plaintiff has moved for remand to the Commissioner for further proceedings, the argument in support must set forth good

      cause for remand. Furthermore, if the remand is for the purpose of taking additional evidence, such evidence must be attached to the brief, or, if such evidence is in the form of a consultative examination sought at government expense, the plaintiff must make a proffer of the nature of the evidence anticipated to be obtained.

    d.  A short conclusion stating the relief sought. The issues before the Court may be limited to the exact issues properly raised in the briefs.

2. **On or before February 8, 2021**, the defendant shall serve, file and submit to the Magistrate Judge a brief which responds, specifically, to each issue raised by the plaintiff. The defendant's brief shall conform to the requirements set forth above for the plaintiff's brief, except that a statement of the issues and a statement of the case need not be made unless the defendant is dissatisfied with the plaintiff's statements.

3. The plaintiff may serve, file, and submit to the Magistrate Judge a brief in reply to the brief of the defendant within ten (10) days of service of the defendant's brief.

4. Unless the Court requests oral argument, all motions will be determined on the moving papers and the record of proceedings before the Commissioner.

5. In the event no motions are made, the Court will enter judgment after the above time limits have expired on the basis of the complaint and answer and the record of proceedings before the Commissioner.

6. Extensions of the above time limits shall be requested by appropriate written motion no later than fifteen (15) days before the expiration of the time.

If the parties fail to comply with this Order, the Court may in its discretion impose such penalties and invoke such sanctions as the circumstances may warrant. The Court directs the attention of counsel to the sanction of involuntary dismissal for failure to comply with pretrial instructions provided by Federal Civil Procedure Rule 41(b).

**SIGNED** on November 18, 2020.

                                                                            SUSAN HIGHTOWER
                                                                            UNITED STATES MAGISTRATE JUDGE